# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Edgar Francis Bradley,
     Petitioner,

     vs.                Case No. 1:05cv744
                            (Dlott, J.; Black, M.J.)

Thomas Barbeau,
     Respondent.

---

## REPORT AND RECOMMENDATION

---

Petitioner is currently on supervised release as a result of his 1999 criminal conviction for conspiracy to defraud the United States and willful failure to file tax returns in the case entitled *United States of America v. Edgar Francis Bradley, et al.*, Case No. 1:98-cr-46 (Weber, J.). (*See* Doc. 1, p. 1). Bradley has filed a *pro se* petition for writ of habeas corpus with this Court seeking to challenge his continued supervision by the United States Probation Office. Although the petition is difficult to decipher, Bradley is apparently challenging his status on supervised release on the ground that his "account has been settled" with the United States. (*Id.*, p. 4). Specifically, Bradley alleges that on July 9, 2005, he "discharged . . . through the clerk of court, as agent for USA," the $3,502,343.03 and $1,046,470.90 which the United States had claimed was the estimated "value of the loss" to it; he further alleges that the parties are in agreement that the accounts are now settled in the absence of any evidence "establishing that [the] discharge instrument[s] . . . [were] refused or dishonored in any way by the drawee . . ., or that [they were] insufficient in amount form, or substance to discharge the debt that may have been owed to USA." (*Id.*).

This matter is now before the Court for *sua sponte* consideration as to whether or not it has jurisdiction to consider the merits of petitioner's habeas petition.

On June 1, 1999, Bradley was sentenced in the underlying criminal case to "custody for a period of 60 months" as to one count and 12 months on three other counts "to run concurrently," followed by three (3) years of supervised release. (Case No. 1:98-cr-46, Doc. 303).

Petitioner filed a motion to vacate judgment and for release from judgment on February 14, 2000, which was amended by petitioner on May 12, May 23, May 25 and July 12, 2000. (*Id.,* Docs. 351, 381-82, 385, 387). On September 14, 2000, the Court dismissed the motion to vacate, as well as other motions filed by petitioner for release from prison. (*Id.,* Doc. 412).

On December 7, 2001, the United States Court of Appeals for the Sixth Circuit issued a mandate affirming petitioner's conviction and sentence on direct appeal. (*See id.,* Docs. 313, 442, 445).

Thereafter, petitioner filed at least one motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (*See id.,* Docs. 449, 494-95, 522). On March 31, 2005, the Court dismissed the § 2255 motions based on the merits (or lack thereof) of the claims raised by petitioner and his co-defendants. (*Id.,* Doc. 530).[1]

Petitioner has not cited the specific statutory provision that he is relying on to obtain federal habeas corpus jurisdiction over the claims alleged in the instant petition. However, because petitioner has paid a $5.00 filing fee and no such fee is required to file a § 2255 collateral review motion, the petition is construed as being brought pursuant to 28 U.S.C. § 2241.

As a general rule, a § 2241 habeas corpus petition addresses the execution of a sentence while motions filed pursuant to 28 U.S.C. § 2255 challenge the validity of a federal conviction or sentence. *Coles v. United States,* 177 F.Supp.2d 710, 711 (N.D. Ohio 2001) (citing *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998) (in turn citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991)). An

---

[1] On February 22, 2005, during the pendency of his § 2255 action challenging his conviction and sentence, petitioner filed a Notice of Registration of Foreign Judgment with this Court in the case entitled *Edgar Francis Bradley v. John Rice,* 1:05cv111 (Dlott, J.). On March 9, 2005, the Court entered an Order and Judgment *sua sponte* vacating the Notice of Registration of Foreign Judgment and dismissing the case. (Case No. 1:05cv111, Docs. 7, 8).

exception to this rule is contained in the "savings clause" set forth in the fifth paragraph of § 2255, which provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, . . . and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler,* 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted).

Accordingly, pursuant to § 2255's "savings clause," a federal prisoner may bring a claim under § 2241 challenging his conviction or sentence only in cases where it appears the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* at 756. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *Id.*; *see also Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).

Courts have found a remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. *Pack,* 218 F.3d at 452.

It is well-settled that the § 2255 remedy is not inadequate or ineffective "simply because § 2255 relief has already been denied." *Charles,* 180 F.3d at 756 (and numerous cases cited therein).[2]

In addition, the fact that a petitioner may be procedurally barred from

---

[2] *See also Pack,* 218 F.3d at 452 ("This Court and other Courts of Appeals have consistently noted that a 'prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'") (quoting *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979) (per curiam)).

pursuing relief under § 2255, or more specifically, has been or may be denied permission to file a second or successive § 2255 petition, is insufficient to establish that the § 2255 remedy is inadequate or ineffective. *Charles,* 180 F.3d at 756; *Pack,* 218 F.3d at 452-53 (and cases cited therein); *see also Shehee v. Sanders,* 105 Fed.Appx. 10, 12 (6th Cir. June 17, 2004) (not published in Federal Reporter). As the Fifth Circuit explained in *Pack*:

> To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Pack,* 218 F.3d at 453.

Thus, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles,* 180 F.3d at 758.

The Sixth Circuit has recognized that "[t]hus far, the only circumstance in which this court has found § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence." *Truss v. Davis,* 115 Fed.Appx. 772, 774 (6th Cir. Sept. 16, 2004) (not published in Federal Reporter) (citing *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003) ("The savings clause may only be applied when the petitioner makes a claim of actual innocence."))[3]. Indeed, in *Charles*, the court expressly noted: "No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a

---

[3] *See also Martin v. Perez,* 391 F.3d 799, 802 (6th Cir. 2004); *Okoro v. Hemingway,* 104 Fed.Appx. 558, 559 (6th Cir. Aug. 6, 2004) (not published in Federal Reporter), *cert. dismissed,* 125 S.Ct. 923 (2005); *Lott v. Davis,* 105 Fed.Appx. 13, 15 (6th Cir. June 18, 2004) (not published in Federal Reporter), *cert. denied,* 125 S.Ct. 1103 (2005); *Shehee,* 105 Fed.Appx. at 12; *Smith v. Snyder,* 48 Fed.Appx. 109, 110-11 (6th Cir. Sept. 13, 2002) (not published in Federal Reporter); *Rumler v. Hemingway,* 43 Fed.Appx. 946, 947 (6th Cir. Aug. 21, 2002) (not published in Federal Reporter); *Coles,* 177 F.Supp.2d at 712-13.

4

claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions." *Charles,* 180 F.3d at 757.

While withholding judgment on the question of whether an "actual innocence" claim will permit such utilization of § 2241, the court further quoted with approval the following observation made in a case by the United States Court of Appeals for the First Circuit:

> There is only one bite at the post-conviction apple unless a second or successive petition can show one of two things: a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or newly discovered evidence sufficient to establish by clear and convincing evidence, on the whole record, that no reasonable factfinder would have returned a guilty verdict. A claim of actual innocence–defined as factual innocence, not mere legal insufficiency–will have a mechanism for review.

*Id.* (quoting *United States v. Barrett,* 178 F.3d 34, 57 (1ˢᵗ Cir. 1999), *cert. denied,* 528 U.S. 1176 (2000)).

In this case, petitioner is not challenging the execution of his sentence but rather the legality of his continued supervision based on his purported agreed-upon "settlement" with the United States. Therefore, petitioner should have invoked the § 2255 remedy as opposed to the § 2241 remedy.

However, petitioner has neither alleged nor otherwise shown that his remedy under § 2255 is inadequate or ineffective. Petitioner has not asserted a claim of actual innocence or a claim based upon a new rule of law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. He claims only that his payments to the federal government to cover the losses it suffered from his criminal acts entitles him to immediate release from federal supervision.

Petitioner has not yet fully served the sentence of record, requiring three (3) years of supervised release following his incarceration. To the extent petitioner contends that the parties have reached a different agreement due to the purported

5

payments made by him in restitution, the § 2255 remedy is both adequate and effective to test the legality of petitioner's continued custody under the supervision of the United States Probation Office.

As discussed above, *see supra* pp. 3-4, the fact that the district court may not grant petitioner the relief he requests in the petition will not render the § 2255 remedy inadequate or ineffective. *See Charles,* 180 F.3d at 756 (and numerous cases cited therein); *see also Pack,* 218 F.3d at 452. Moreover, the fact that petitioner may be denied permission to file a second or successive motion to vacate is insufficient to establish that the § 2255 remedy is inadequate or ineffective. *See Charles,* 180 F.3d at 756; *Pack,* 218 F.3d a t 452-53 (and cases cited therein).

Accordingly, in sum, because petitioner is not challenging the execution of his sentence, but rather the validity of his continued detention, and because the instant § 2241 petition does not fall within § 2255's "savings clause," the undersigned concludes that this Court lacks jurisdiction to grant petitioner habeas relief pursuant to § 2241.

Moreover, this Court is precluded from construing the petition at this time as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which would mean that the case would be subject to transfer to the Sixth Circuit for ruling as to whether petitioner's successive § 2255 motion may be considered by this Court. *Cf. In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit has held that particularly with respect to *pro se* litigants:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*In Re Shelton,* 295 F.3d 620, 622 (6th Cir. 2002) (per curiam) (quoting *Adams v. United States,* 155 F.3d 582, 584 (2nd Cir. 1998)).

Accordingly, the undersigned RECOMMENDS that petitioner's petition for

habeas corpus relief (Doc. 1), which apparently was filed pursuant to 28 U.S.C. § 2241, be *sua sponte* DISMISSED without prejudice to refiling with the United States Court of Appeals for the Sixth Circuit as a recharacterized, successive collateral motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus apparently filed pursuant to 28 U.S.C. § 2241 (Doc. 1) be *sua sponte* DISMISSED without prejudice to refiling with the United States Court of Appeals for the Sixth Circuit as a recharacterized, successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

2.  A certificate of appealability should not issue, because for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this habeas corpus proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and therefore DENY petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: <u>3/17/06</u>                                  s/<u>Timothy S. Black</u>
            cbc                                              Timothy S. Black
                                                              United States Magistrate Judge

K:\BRYANCC\2005 habeas orders\05-744denybradleypet.2241.succ2255.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Edgar Francis Bradley,
      Petitioner,

                                   Case No. 1:05cv744
             v.                      (Dlott, J.; Black, M.J.)

Thomas Barbeau,
      Respondent.

## NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1(b) and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6ᵗʰ Cir. 1981).